Bruce Fein (D.C. Bar No. 446615)
FEIN & DELVALLE PLLC
300 New Jersey Avenue, N.W., Suite 900
Washington, D.C. 20001
Phone: 202-465-8728
Email: bruce@feinpoints.com
Attorney for Plaintiffs

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INDIGENOUS PEOPLE OF BIAFRA,
a UK registered Community Interest Company,
160 London Road Barking IG11 8BB,
London, United Kingdom,

      Plaintiff                       CASE NO:

       v.

IVAN SASCHA SHEEHAN,
University of Baltimore, Baltimore,'
Maryland, UNIVERSITY OF BALTIMORE,
1420 N. Charles Street, Baltimore, Maryland, and
The Washington Times LLC, 3600 New York Avenue, NE
Washington, D.C. 20002


      Defendant.
_____

## COMPLAINT FOR DEFAMATION

Comes now Plaintiff, Indigenous People of Biafra (IPOB), through its undersigned

attorney, and files this Complaint for defamation seeking, among other things, compensatory and

punitive damages. Plaintiff states as follows.

## SUBJECT MATTER JURISDICTION

1. This Court possesses subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. 1332 because the amount in controversy exceeds $75,000, IPOB is a citizen of the United Kingdom, and Defendants Sheehan and the University of Baltimore are citizens of Maryland and Defendant The Washington Times LLC is a citizen of the District of Columbia.

## PERSONAL JURISDICTION

2. This Court possesses personal jurisdiction over Defendants under the District of Columbia Long-Arm Statute, D.C. Code section 13-423 (a) (3) by causing tortious injury in the District of Columbia by a defamatory publication in the District of Columbia.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. 1391 (b) (2) because the events that gave rise to Plaintiff's defamation claims occurred in the District of Columbia.

## PARTIES

4. Plaintiff, Indigenous People of Biafra (IPOB) is a UK registered Community Interest Company headquartered in London, United Kingdom.  IPOB's paramount mission is to secure a sovereignty referendum on Biafra to be organized and conducted by the United Nations by peaceful means.  IPOB's leader is Mazi Nnamdi Kanu. At present, he is under illegal detention by the Federal Government of Nigeria (FGN).  Among other things, Nnamdi Kanu, a UK citizen, has been counterfactually charged with treason, i.e., levying war against Nigeria based on ancient radio broadcasts from London which studiously refrained from encouraging or inciting violence in favor of peaceful protests protected by freedom of speech and association.

5.   Defendant Ivan Sascha Sheehan is the executive director of the School of Public and International Affairs at the University of Baltimore.  On information and belief, Defendant Sheehan is an unregistered foreign agent of the Federal Government of Nigeria in violation of the Foreign Agents Registration Act.

6. Defendant University of Baltimore employs Defendant Sheehan.  On information and belief, Defendant University of Baltimore is an unregistered foreign agent of the Federal Government of Nigeria in violation of the Foreign Agents Registration Act.

7. Defendant The Washington Times LLC is a newspaper company published in Washington, D.C. responsible for publishing Defendant Sheehan's 7 defamatory falsehoods about Plaintiff IPOB in conspiracy with the FGN as alleged hereafter

STATEMENT OF FACTS

8.   On or about Monday, October 4, 2021, Defendant Sheehan published in The Washington Times an "ANALYSIS/OPINION" defamatory article headlined "U/S/ ignores small African terrorist group IPOB at its peril."

9.   The article contained multiple defamatory falsehoods about Plaintiff IPOB published with ill will and with knowledge of their falsity or with reckless disregard of whether they were true or not.

10.   Defamatory falsehood number 1 asserted "An African terrorist organization [IPOB] is suing U.S. Secretary of State Antony Blinken…."  IPOB is not a terrorist organization under U.S. law or any law of a foreign country other than Nigeria. IPOB's designation as terrorist organization in Nigeria was made via a judicial edict with no hearing or due process. IPOB opposes violence.  It supports an independent Biafran sovereignty by peaceful means. At present, the Federal Republic of Nigeria is engaged in an ongoing

genocide of Biafrans.  Terrorist organizations employ unlawful violence against civilians to advance political objectives. IPOB does not.

11.    Defamatory falsehood number 2 asserted, in context, that IPOB deserves listing as a foreign terrorist organization by the Secretary of State pursuant to section 219 of the Immigration and Nationality Act: "The violent secessionist group in question—the Indigenous People of Biafra (IPOB)—is yet to be designated as a Foreign Terrorist Organization by the US Department of State."  Among other things, an FTO listing requires proof that the organization engages in premeditated politically motivated violence against civilians or noncombatants.  See 22 U.S.C. 2656f(d)(2); 8 U.S.C. 1182 (a) (3) (B). IPOB does not engage in politically motivated violence against civilians or noncombatants or otherwise and does not qualify for listing as an FTO under the laws of the United States.

12.    Defamatory falsehood number 3, in context, asserted that IPOB leader Nnamdi Kanu supports terrorism: "That [Nnamdi Kanu] feels no need to even disguise his support for terrorism is worrisome."  But Nnamdi Kanu opposes terrorism. It is the Federal Government of Nigeria that daily practices terrorism against Biafrans.

13.    Defamatory falsehood number 4, in context, asserted that since December 2020, IPOB has engaged in violent and escalating attacks on both Nigerian security personnel and civilians: "Since then [December 2020] violent IPOB attacks on both security personnel and civilians have surged by a terrifying 59%, deaths by 344%."

14.    In fact, IPOB refrains from the use of force except in self-defense.  IPOB has not attacked either security personnel or civilians since December 2020 or otherwise.

15.    Defamatory falsehood number 5, in context, accused IPOB of killing the Fulani and inciting murder of any person who rents or provides accommodations to a Fulani:

"Through Radio Biafra, IPOB regularly calls on its supporters to not only kill the Fulani, but to kill 'any landlord that gives accommodations or rents his house or her house to a Fulani person."

16.     In fact, IPOB does not call on supporters to kill the Fulani.  Neither does IPOB call on its supporters to kill landlords that rent to the Fulani.

17.     Defamatory falsehood number 6, in context, accuses IPOB of butchering six young Fulani children with machetes, burning a baby alive, and discarding the corpses in mass graves: "In one recent [IPOB] attack on a Fulani community, six young children were butchered with machetes—one, a baby, was burned alive.  Their bodies were discarded in mass graves."

18.     In fact, IPOB did not kill young Fulani children, did not burn a baby alive, and did not bury the putative corpses in mass graves.

19.     Defamatory falsehood number 7, in context, accuses IPOB of resorting to threats and violence to coerce politicians and civilians to surrender to its political demands: "Whether with threats made on Biafra Radio or repeated acts of violence, IPOB coerces politicians and civilians to acquiesce to its radical political demands."

20. In fact, IPOB refrains from threats or violence or coercion in its political activities, which are peaceful and protected by the universally protected rights of free speech or association under international law.

21. Defamatory falsehoods 1-7 all falsely accuse IPOB of crimes of violence, including terrorism, which are per se defamatory.

22. On information and belief, Defendant Sheehan conspired with the Federal Government of Nigeria (FRN) to write and publish the 7 defamatory falsehoods in

exchange for a monetary payment or something of material value from the FRN as a reward.

23. On information and belief, the Defendant University of Baltimore conspired with Defendant Sheehan and the FRN to have Defendant Sheehan's 7 defamatory falsehoods published referencing his capacity as the executive director of the School of Public and International Affairs at the University of Baltimore in exchange for money or anything of value from the FGN.

24. On information and belief, Defendant The Washington Times LLC published Defendant Sheehan's 7 defamatory, polemical, and counterfactual falsehoods in exchange for money or anything of material value from the FGN.  The transparent extreme bias in Defendant Sheehan's article and the clumsy, amateurish style are far below the customary publication standards of The Washington Times LLC.

25. Defamatory falsehoods 1-7 all accused Plaintiff IPOB of complicity in crimes of violence which are defamatory per se.

26. The intent and effect of defamatory falsehoods 1-7 subjected IPOB to professional and social ostracism and curtailment of its ability to attract members and donations.

## COUNT 1-DEFAMATION-DEFENDANT SHEEHAN

27.  Plaintiff realleges paragraphs 1-26 as if alleged herein.

28. Defamatory falsehood number 1 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

29. Defamatory falsehood number 1 has proximately caused damage to Plaintiff's reputation in an amount to be proven at trial.

30. Defamatory falsehood number 1 was published with ill-will or spite by Defendant

Sheehan justifying an award of punitive damages.

### COUNT 2-DEFAMATION-DEFENDANT SHEEHAN

31. Plaintiff realleges paragraphs 1-30 as if alleged herein.

32. Defamatory falsehood number 2 was published by Defendant Sheehan with

knowledge of its falsity or with reckless disregard of whether it was true or not, and

with spite or ill-will.

33. Defamatory falsehood number 2 has proximately caused damage Plaintiff's

reputation in an amount to be proven at trial.

34. Defamatory falsehood number 2 was published with ill-will or spite by Defendant

Sheehan justifying an award of punitive damages.

### COUNT 3-DEFAMATION-DEFENDANT SHEEHAN

35. Plaintiff realleges paragraphs 1-34 as if alleged herein.

36. Defamatory falsehood number 3 was published by Defendant Sheehan with

knowledge of its falsity or with reckless disregard of whether it was true or not, and

with spite or ill-will.

37. Defamatory falsehood number 3 has proximately caused damage Plaintiff's

reputation in an amount to be proven at trial.

38. Defamatory falsehood number 3 was published with ill-will or spite by Defendant

Sheehan justifying an award of punitive damages.

### COUNT 4-DEFAMATION-DEFENDANT SHEEHAN

39. Plaintiff realleges paragraphs 1-38 as if alleged herein.

40. Defamatory falsehood number 4 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

41. Defamatory falsehood number 4 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

42. Defamatory falsehood number 4 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 5-DEFAMATION-DEFENDANT SHEEHAN

43. Plaintiff realleges paragraphs 1-42 as if alleged herein.

44. Defamatory falsehood number 5 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

45. Defamatory falsehood number 5 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

46. Defamatory falsehood number 5 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

### COUNT 6-DEFAMATION-DEFENDANT SHEEHAN

47. Plaintiff realleges paragraphs 1-46 as if alleged herein.

48. Defamatory falsehood number 6 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

49. Defamatory falsehood number 6 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

50. Defamatory falsehood number 6 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

## COUNT 7-DEFAMATION-DEFENDANT SHEEHAN

51. Plaintiff realleges paragraphs 1-50 as if alleged herein.

52. Defamatory falsehood number 7 was published by Defendant Sheehan with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

53. Defamatory falsehood number 7 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

54. Defamatory falsehood number 7 was published with ill-will or spite by Defendant Sheehan justifying an award of punitive damages.

## COUNT 8-DEFAMATION-DEFENDANT THE WASHINGTON TIMES

55.  Plaintiff realleges paragraphs 1-54 as if alleged herein.

56. Defamatory falsehood number 1 was published by Defendant The Washington Times with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

57. Defamatory falsehood number 1 has proximately caused damage to Plaintiff's reputation in an amount to be proven at trial.

58. Defamatory falsehood number 1 was published with ill-will or spite by Defendant The Washington Times justifying an award of punitive damages.

## COUNT 9-DEFAMATION-DEFENDANT THE WASHINGTON TIMES

59. Plaintiff realleges paragraphs 1-58 as if alleged herein.

60. Defamatory falsehood number 2 was published by Defendant The Washington Times with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

61. Defamatory falsehood number 2 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

62. Defamatory falsehood number 2 was published with ill-will or spite by Defendant The Washington Times justifying an award of punitive damages.

COUNT 10-DEFAMATION-DEFENDANT THE WASHINGTON TIMES

63. Plaintiff realleges paragraphs 1-62 as if alleged herein.

64. Defamatory falsehood number 3 was published by Defendant The Washington Times LLC with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

65. Defamatory falsehood number 3 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

66. Defamatory falsehood number 3 was published with ill-will or spite by Defendant The Washington Times LLC justifying an award of punitive damages.

COUNT 11-DEFAMATION-DEFENDANT THE WASHINGTON TIMES

67. Plaintiff realleges paragraphs 1-66 as if alleged herein.

68. Defamatory falsehood number 4 was published by Defendant The Washington Times LLC with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

69. Defamatory falsehood number 4 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

70. Defamatory falsehood number 4 was published with ill-will or spite by Defendant The Washington Times LLC justifying an award of punitive damages.

COUNT 12-DEFAMATION-DEFENDANT THE WASHINGTON TIMES

71. Plaintiff realleges paragraphs 1-70 as if alleged herein.

72. Defamatory falsehood number 5 was published by Defendant The Washington Times LLC with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

73. Defamatory falsehood number 5 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

74. Defamatory falsehood number 5 was published with ill-will or spite by Defendant The Washington Times LLC justifying an award of punitive damages.

COUNT 13-DEFAMATION-DEFENDANT THE WASHINGTON TIMES

75. Plaintiff realleges paragraphs 1-74 as if alleged herein.

76. Defamatory falsehood number 6 was published by Defendant The Washington Times LLC with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

77. Defamatory falsehood number 6 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

78. Defamatory falsehood number 6 was published with ill-will or spite by Defendant The Washington Times LLC justifying an award of punitive damages.

COUNT 14-DEFAMATION-DEFENDANT THE WASHINGTON TIMES

79. Plaintiff realleges paragraphs 1-78 as if alleged herein.

80. Defamatory falsehood number 7 was published by Defendant The Washington Times LLC with knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

81. Defamatory falsehood number 7 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

82. Defamatory falsehood number 7 was published with ill-will or spite by Defendant The Washington Times LLC justifying an award of punitive damages.

COUNT 15-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

83.  Plaintiff realleges paragraphs 1-82 as if alleged herein.

84. Defamatory falsehood number 1 was published in conspiracy between by Defendant Sheehan and Defendant University of Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

85. Defamatory falsehood number 1 has proximately caused damage to Plaintiff's reputation in an amount to be proven at trial.

86. Defamatory falsehood number 1 was published with ill-will or spite in conspiracy between Defendant Sheehan and Defendant University of Baltimore justifying an award of punitive damages against Defendant University of Baltimore.

COUNT 16-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

87. Plaintiff realleges paragraphs 1-86as if alleged herein.

88. Defamatory falsehood number 2 was published by Defendant Sheehan in conspiracy with Defendant University of Baltimore with both having knowledge of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

89. Defamatory falsehood number 2 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

90. Defamatory falsehood number 2 was published with ill-will or spite in conspiracy between the University of Baltimore and Defendant Sheehan justifying an award of punitive damages against the University of Baltimore.

COUNT 17-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

91. Plaintiff realleges paragraphs 1-90 as if alleged herein.

92. Defamatory falsehood number 3 was published by Defendant Sheehan in conspiracy with Defendant University of Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

93. Defamatory falsehood number 3 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

94. Defamatory falsehood number 3 was published with ill-will or spite in conspiracy between Defendant University of Baltimore and Defendant Sheehan justifying an award of punitive damages against Defendant University of Baltimore.

COUNT 18-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

95. Plaintiff realleges paragraphs 1-94 as if alleged herein.

96. Defamatory falsehood number 4 was published by Defendant Sheehan in conspiracy with Defendant University of Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

97. Defamatory falsehood number 4 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

98. Defamatory falsehood number 4 was published with ill-will or spite in conspiracy between Defendant University of Baltimore and Defendant Sheehan justifying an award of punitive damages against Defendant University of Baltimore.

COUNT 19-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

99. Plaintiff realleges paragraphs 1-98 as if alleged herein.

100.    Defamatory falsehood number 5 was published by Defendant Sheehan in conspiracy with Defendant University of Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

101.    Defamatory falsehood number 5 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

102.    Defamatory falsehood number 5 was published with ill-will or spite in conspiracy between Defendant University of Baltimore and Defendant Sheehan justifying an award of punitive damages against Defendant University of Baltimore.

COUNT 20-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

103.    Plaintiff realleges paragraphs 1-102 as if alleged herein.

104.    Defamatory falsehood number 6 was published by Defendant Sheehan in conspiracy between Defendant University of Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

105.    Defamatory falsehood number 6 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

106.    Defamatory falsehood number 6 was published with ill-will or spite in conspiracy between Defendant University of Baltimore and Defendant Sheehan justifying an award of punitive damages against the University of Baltimore.

COUNT 21-DEFAMATION-DEFENDANT UNIVERSITY OF BALTIMORE

107.    Plaintiff realleges paragraphs 1-106 as if alleged herein.

108.    Defamatory falsehood number 7 was published by Defendant Sheehan in conspiracy with Defendant University of Baltimore with knowledge by both of its falsity or with reckless disregard of whether it was true or not, and with spite or ill-will.

109.    Defamatory falsehood number 7 has proximately caused damage Plaintiff's reputation in an amount to be proven at trial.

110.    Defamatory falsehood number 7 was published with ill-will or spite in conspiracy between Defendant University of Baltimore and Defendant Sheehan justifying an award of punitive damages against the Defendant University of Baltimore.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally as follows:

  a) For general damages as to Counts 1-21 of not less than TWO MILLION DOLLARS as to each count or such other amount to be proved at trial;

  b) For special damages as to Counts 1-21 of not less than ONE MILLION FIVE DOLLARS as to each count or such other amount to be proved at trial;

c) For punitive damages against each Defendant as to Counts 1-21, respectively, in

an amount to be proven at trial, but not less than ten times the amount of general and

special damages as to each count, to punish and penalize Defendants and to deter

repetition.

d) For an injunction requiring Defendants to remove all statements adjudicated

defamatory in this case from any and all websites or other digital, social media, or

hard copy platforms in their control;

e) For an injunction requiring Defendants to publish a retraction of the statements

found defamatory including a retraction published in The Washington Times;

f) For attorneys' fees and costs incurred by Plaintiffs in this action; and,

g) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial of all issues so triable in this cause pursuant to Rule 38

of the Federal Rules of Civil Procedure.

Date:  October 17, 2021

Respectfully submitted,

/s/Bruce Fein
Bruce Fein Esq.
Fein & DelValle, PLLC
300 New Jersey Avenue, N.W., Suite 900
Washington, D.C. 20001
Phone: 202-465-8728; 703-963-4968
Email: bruce@feinpoints.com

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and

severally, on Counts 1-7 as follows:

a) For general damages as to Counts 1-21of not less than TWO MILLION

DOLLARS as to each count or such other amount to be proved at trial;

b) For special damages as to Counts 1-21 of not less than ONE MILLION FIVE DOLLARS as to each count or such other amount to be proved at trial;

c) For punitive damages against each Defendant as to Counts 1-21, respectively, in an amount to be proven at trial, but not less than ten times the amount of general and special damages as to each count, to punish and penalize Defendants and to deter repetition.

d) For an injunction requiring Defendants to remove all statements adjudicated defamatory in this case from any and all websites or other digital, social media, and hard copy platforms in their control;

e) For an injunction requiring Defendants to publish a retraction of the statements found defamatory including a retraction published in The Washington Times;

f) For attorneys' fees and costs incurred by Plaintiffs in this action; and,

g) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial of all issues so triable in this cause pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:  October 17, 2021

Respectfully submitted,

Bruce Fein Esq.
Fein & DelValle, PLLC
300 New Jersey Avenue, N.W., Suite 900
Washington, D.C. 20001
Phone: 202-465-8728; 703-963-4968
Email: bruce@feinpoints.com