UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Indigenous People Of Biafra**, | |
| Plaintiff, | Civil Action No. 1:21-cv-02743-RBW |
| v. | Judge Reggie Walton |
| **Ivan Sascha Sheehan, et al.**, | |
| Defendants. | |

**DEFENDANT THE WASHINGTON TIMES, LLC'S REPLY BRIEF
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................................i

TABLE OF AUTHORITIES ............................................................................................................ii

INTRODUCTION ...........................................................................................................................1

ARGUMENT .................................................................................................................................2

    I.    PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FAILED TO ESTABLISH THAT THIS COURT HAS SUBJECT MATTER JURISDICTION, AND THE RECORD BEFORE THE COURT SHOWS PLAINTIFF CANNOT SATISFY THE JURISDICTIONAL REQUIREMENTS RELATING TO AMOUNT IN CONTROVERSY ...........................................2

    II.    PLAINTIFF FAILS TO PLEAD ACTUAL MALICE OR RAISE A PLAUSIBLE QUESTION AS TO THE FAULT OF THE TIMES ...........................................................................4

    III.    PLAINTIFF'S ARGUMENTS HIGHLIGHT THAT THE ARTICLE CONSTITUTES NON-ACTIONABLE OPINION ...........................................................................................7

    IV.    THIS COURT IS NOT THE PROPER FORUM FOR PLAINTIFF TO ADVANCE ITS POLITICAL AGENDA THROUGH A DEFAMATION SUIT SEEKING TO OVERTURN NIGERIA'S DECLARATION THAT IT IS A TERRORIST ORGANIZATION .............................................9

CONCLUSION ..............................................................................................................................10

CERTIFICATE OF SERVICE .........................................................................................................11

## Table of Authorities

Page(s)

**CASES**

*Arpaio v. Zucker*,
  414 F. Supp. 3d 84 (D.D.C. 2019) .......................................................................................4

*Art Metal-U.S.A., Inc. v. United States*,
  753 F.2d 1151 (D.C. Cir. 1985) ...........................................................................................2

*ASARCO Inc. v. Kadish,*
  490 U.S. 605 (1989) .............................................................................................................4

*Attias v. Carefirst, Inc.*,
  865 F.3d 620 (D.C. Cir. 2017) .............................................................................................4

*BYD Co. Ltd. v. Alliance for American Mfg.*,
  2021 WL 1564445 (D.D.C. April 21, 2021) ........................................................................2

*Convit v. Wilson,*
  980 A.2d 1104 (D.C. 2009) ..................................................................................................3

*Dresbach v. Doubleday & Co.*,
  518 F. Supp. 1285 (D.D.C. 1981) ........................................................................................3

*El-Shifa Pharm. Indus. Co. v. United States*,
  607 F.3d 836 (D.C. Cir. 2010) .............................................................................................8

*Farah v. Esquire Mag.*,
  736 F.3d 528 (D.C. Cir. 2013) .............................................................................................8

*Friends of Animals v. Ashe*,
  51 F. Supp. 3d 77 (D.D.C. 2014) .........................................................................................9

*Grand Lodge of Fraternal Ord. of Police v. Ashcroft*,
  185 F. Supp. 2d 9 (D.D.C. 2001) .........................................................................................2

*Guilford Transp. Indus., Inc. v. Wilner*,
  760 A.2d 580 (D.C. 2000) ....................................................................................................1

*Harte-Hanks Comm'ns, Inc. v. Connaughton*,
  491 U.S. 657 (1989) .............................................................................................................5

*Hourani v. Mirtchev*,
  796 F. 3d 1 (D.C. Cir. 2015) ........................................................................................3, 10

Case 1:21-cv-02743-RBW   Document 17   Filed 01/18/22   Page 4 of 15

*Hustler Mag., Inc. v. Falwell*,
  485 U.S. 46 (1988)......................................................................................................................1

*In re Fort Totten Metrorail Cases Arising Out of Events of June 22, 2009*,
  895 F. Supp. 2d 48 (D.D.C. 2012)............................................................................................3

*Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*,
  402 F.3d 1249 (D.C. Cir. 2005)................................................................................................3

*Lohrenz v. Donnelly*,
  350 F.3d 1272 (D.C. Cir. 2003)................................................................................................5

*Masson v. New Yorker Mag., Inc.*,
  501 U.S. 496 (1991)..................................................................................................................8

*McManus v. D.C.*,
  530 F. Supp. 2d 46 (D.D.C. 2007) ...........................................................................................9

*Miami Herald Publ'g Co. v. Tornillo*,
  418 U.S. 241 (1974)..................................................................................................................5

*N.Y. Times Co. v. Sullivan*,
  376 U.S. 254 (1964)..............................................................................................................4, 7

*Parisi v. Sinclair*,
  845 F. Supp. 2d 215 (D.D.C. 2012) .........................................................................................5

*Rangel v. Boehner*,
  20 F. Supp. 3d 148 (D.D.C. 2013)............................................................................................4

*Simonson v. United Press Int'l, Inc.*,
  654 F.2d 478 (7th Cir. 1981) ...................................................................................................7

*Shipkovitz v. Washington Post Co.*,
  408 F. App'x 376 (D.C. Cir. 2010)...........................................................................................8

*Spokeo v. Robins*,
  578 U.S. 330 (2016)..................................................................................................................4

**STATUTE**

8 U.S.C. § 1189.................................................................................................................................8

**RULE**

Fed. R. Civ. P. 12...................................................................................................................1, 2, 9

Defendant, The Washington Times, LLC ("The Times"), pursuant to Fed. R. Civ. P. 12, states the following for its Reply Brief in Further Support of Its Motion to Dismiss.

### INTRODUCTION

Locked in a political dispute with the government of Nigeria, Plaintiff Indigenous People of Biafra ("Plaintiff" or "IPOB") seeks to use this Court as a forum to relitigate that country's designation of Plaintiff as a terrorist organization and to press the viewpoint that other countries should not follow suit. Plaintiff's strategy is transparent: by suing a newspaper over its publication of an *opinion* piece where a guest commentor argues that Plaintiff *should* be designated as a foreign terrorist organization in the United States, it hopes to obtain the imprimatur of a United States Federal Court establishing the IPOB as a favored advocacy group as it wages its larger international fight with a sitting, recognized foreign government.

Not only is this an improper forum for such a political question, but Plaintiff's attempted use of the judicial branch disregards the law governing defamation claims in this country and the constitutional protection America affords its press and its citizens.

Undeniably, the First Amendment exists to protect The Times' right to publish Defendant Ivan Sascha Sheehan's opinion piece criticizing the failure of the United States to designate Plaintiff as a foreign terrorist organization. *See Hustler Mag., Inc. v. Falwell*, 485 U.S. 46, 50 (1988) ("At the heart of the First Amendment is the recognition of the fundamental importance of the free flow of ideas and opinions on matters of public interest and concern."). Indeed, "Op-Ed column[s] discussing a subject of public interest," such as the one at issue in this lawsuit, "must surely be accorded a high level of protection, lest the expression of critical opinions be chilled." *Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 582 (D.C. 2000).

Litigating the persuasiveness of a viewpoint such as that of Professor Sheehan in this tribunal, instead in the court of public opinion, is what the First Amendment seeks to avoid.

Because Plaintiff's Opposition fails to demonstrate that the Complaint contains sufficient allegations to satisfy the required elements of a defamation claim as a matter of law, and because the claims as pleaded are implausible, the Court should dismiss the Complaint with prejudice.

**ARGUMENT**

I. **PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FAILED TO ESTABLISH THAT THIS COURT HAS SUBJECT MATTER JURISDICTION, AND THE RECORD BEFORE THE COURT SHOWS PLAINTIFF CANNOT SATISFY THE JURISDICTIONAL REQUIREMENTS RELATING TO AMOUNT IN CONTROVERSY.**

Plaintiff fails to satisfy the jurisdictional requirements of this Court because it has not met —and cannot meet—the amount in controversy provision required for diversity jurisdiction. Plaintiff failed to plead how it has been damaged in the Complaint. Its Opposition similarly lacks any allegation of specific harm, which it must show by plausibly averring facts regarding financial loss caused to the claimant entity by falsity in the Article. As such, Plaintiff cannot meet its burden to establish federal court jurisdiction. *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) ("Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction.").

Under D.C. law, a business entity such as Plaintiff must allege a "factual basis for the Court to infer that any loss in reputation caused or otherwise contributed to lost profits exceeding $75,000." *BYD Co. Ltd. v. Alliance for American Mfg.*, 2021 WL 1564445, at *2 (D.D.C. April 21, 2021) (citing *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1156 (D.C. Cir. 1985)). Plaintiff provides no evidence to counter Defendant's showing that the organization's assets and income historically have been well below $75,000, rendering it entirely implausible that the

2

publication in question could have harmed Plaintiff in an amount authorizing this Court to exercise jurisdiction.[1]

This is particularly so given that Plaintiff is a foreign entity with no apparent presence in the United States (or within the circulation area of The Times), and, thus, no basis exists to infer that the publication in question could have harmed Plaintiff at all. These shortcomings are fatal to the group's ability to proceed. *See Dresbach v. Doubleday & Co.*, 518 F. Supp. 1285, 1293 (D.D.C. 1981) ("[I]njury to reputation must be shown on the libel claim.").

Rather, Plaintiff dodged this issue and argues that *future* harm *could* occur if the subsequent intervening event occurred where the U.S. Department of State listed Plaintiff as a foreign terrorist organization. But such harm would be proximately caused by State Department action—not the publication at issue. *In re Fort Totten Metrorail Cases Arising Out of Events of June 22, 2009*, 895 F. Supp. 2d 48, 70 (D.D.C. 2012) ("Proximate cause has been defined as that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.") (citing *Convit v. Wilson,* 980 A.2d 1104, 1125 (D.C. 2009)); *see also Hourani v. Mirtchev*, 796 F. 3d 1, 16 (D.C. Cir. 2015) (dismissing a complaint where the plaintiffs' only harm is that they claimed "they were 'discredit[ed] * * * in the eyes of Western authorities and media.'").

In any event, Plaintiff's addition to that list would nullify any argument that the Article was not true or substantially true, as the U.S. Department of State would have affirmatively certified Plaintiff as a terrorist organization. A defamation claim cannot be established in truth.

---

[1] "[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *See Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

3

*Arpaio v. Zucker*, 414 F. Supp. 3d 84, 90 (D.D.C. 2019) ("The truth of the communication is a complete defense in a libel action.").

Moreover, Plaintiff's general assertion of a potential, future harm implicates standing questions. A plaintiff cannot proceed in federal court without an injury-in-fact, which "must be concrete, particularized, and, most importantly . . . , actual or imminent, rather than speculative." *Attias v. Carefirst, Inc.*, 865 F.3d 620, 626 (D.C. Cir. 2017) (citing *Spokeo v. Robins*, 578 U.S. 330, 339 (2016)). Irrespective of whether Plaintiff were on a terrorist organization list here or abroad, this Court lacks the ability in this lawsuit to say whether the IPOB should be on any such list, which is the remedy it really seeks. *Rangel v. Boehner*, 20 F. Supp. 3d 148, 162 (D.D.C. 2013) ("[R]edressability here "depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict.") (citing *ASARCO Inc. v. Kadish,* 490 U.S. 605, 615 (1989)).

## II. PLAINTIFF FAILS TO PLEAD ACTUAL MALICE OR RAISE A PLAUSIBLE QUESTION AS TO THE FAULT OF THE TIMES.

Plaintiff declines to defend the Complaint's failure to articulate plausible allegations of actual malice. Instead, Plaintiff advocates reasons why it finds the Article objectionable without offering anything that supports an inference that The Times published the Article "with knowledge that it was false, or with reckless disregard of whether it was false or not." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964).

Plaintiff's resistance newly alleges that the Article is "unsourced" and "inherently improbable" and that The Times had "obvious reasons to doubt the IPOB terrorism story" but fails to provide any plausible foundation that The Times acted with actual malice. Opp'n at pp. 22-24.

4

This Court has held such allegations are insufficient as a matter of law to plausibly plead actual malice on a motion to dismiss. *Parisi v. Sinclair*, 845 F. Supp. 2d 215, 219 (D.D.C. 2012) (dismissing defamation claim and holding it is legally insufficient on a motion to dismiss for plaintiff to allege "no factual allegations, other than the plaintiffs' own assertions that the statements were false" to support that defendant "fabricated the story, that the story was so improbable that only a reckless person would have circulated [it], or that he acted wholly on an unverified anonymous telephone call").

Plaintiff now contends that The Times should have "proffer[ed] [an] explanation" regarding why the U.S. government has not listed Plaintiff as a terrorist organization under U.S. law or why Nigeria is the only country to have done so. Opp'n at p. 23. Plaintiff also asserts that The Times should have mentioned "lawless Nigerian proscription of IPOB" in the Article. *Id.*

In so doing, Plaintiff confuses any perceived shortcomings of the Article and Plaintiff's *own* editorial preferences with constitutional actual malice. The former is simply not evidence of the latter and represents nothing more that the Plaintiff's effort to substitute its editorial judgment for that of The Times, or worse, to ask the Court to engage in editorial functions despite the longstanding bar against government doing so. *See Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241 (1974).

Plaintiff must allege something more than a "highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers." *Harte-Hanks Comm'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989) (internal quotation omitted). "Even where doubt-inducing evidence could be discovered, a publisher may still opt not to seek out such evidence and may rely on an informed source, so long as there is no 'obvious reason to doubt' that source." *Lohrenz v. Donnelly*, 350 F.3d 1272,

5

1285 (D.C. Cir. 2003) (explaining it is insufficient to demonstrate actual malice just because defendants "acted on the basis of a biased source and incomplete information").

Furthermore, even if the Complaint had included more information about the worldwide classification of the IPOB as a terrorist organization, that would not obviate Plaintiff's burden to plead and prove by clear and convincing evidence that The Times published the Article with actual malice—something the Article's accurate statements that Nigeria has classified Plaintiff as a terrorist organization and the U.S. has not, will preclude as a matter of law.

Importantly, the face of the Complaint lacks sufficient allegations to demonstrate that The Times knew the challenged statements were false or had doubt about their truth or falsity (assuming for sake of argument the content under attack was provably true or false). To the contrary, Plaintiff's resistance briefing demonstrates exactly why there would be no "obvious reason to doubt" Defendant Sheehan as the IPOB argues he is a "renowned expert and featured speaker in international terrorism with more than 80 publications[.]" *See* Opp'n at p. 24.

Importantly, considering the fact that Plaintiff accepts and concedes that Nigeria has classified it as a terrorist organization, it is implausible that The Times acted with actual malice because Plaintiff does not contest or deny key allegations that make it true or substantially true it is identified as a terrorist organization or that someone could conclude it is one is based on those undisputed facts.

Moreover, Plaintiff does not contest its engagement in or advocacy of violence, even though the IPOB alleges that it does so only "in self defense[.]" The Complaint is devoid of allegations denying that the IPOB is associated with or utilizes Radio Biafra or that Plaintiff's leader declared on Radio Biafra that "I don't want peaceful actualization (of Biafra). [. . . ] If they don't (give us Biafra), they will die." Further, Plaintiff does not disclaim that it has a

paramilitary arm called the Eastern Security Network, that it ordered a sit-at-home order, and that it called on Southeast Nigerian governors for a 14-day ban on open grazing in their districts.

These key concessions in the Complaint corroborate the reasonableness of Defendant Sheehan's statement—opinion or otherwise—that Plaintiff should qualify as a terrorist organization and of the absence of actual malice by The Times.

Accordingly, Plaintiff's failure to address these facts in the Complaint or across 25 pages of opposition briefing demonstrates: (a) that factual statements in the Article were substantially true and made without actual malice, and (b) the Complaint thereby lacks sufficient allegations to make it plausible that The Times published the Article "with knowledge that it was false, or with reckless disregard of whether it was false or not." *Sullivan*, 376 U.S. at 280.

This alone supports why this Court should dismiss Plaintiff's lawsuit.

### III. PLAINTIFF'S ARGUMENTS HIGHLIGHT THAT THE ARTICLE CONSTITUTES NON-ACTIONABLE OPINION.

The bulk of Plaintiff's argument that the Article is verifiable fact—as opposed to non-actionable opinion or fair comment—relies on the inaction to date of the U.S. Department of State in formally designating Plaintiff as a foreign terrorist organization. Plaintiff claims that its absence from the U.S. list mandates a conclusion that it is not a terrorist organization under all definitions, statutes, and considerations.

Nevertheless, courts do not judge defamation claims based on legal definitions or code citations—they correctly evaluate a publication's meaning as a whole by ascribing its words with their everyday meaning as a reasonable reader would understand them.[2] *Simonson v. United*

---

[2] A newspaper opinion writer publishing a viewpoint or petitioning for government action rarely does so in the form of a narrowly-focused legal brief. Plaintiff argues that the statutory provisions governing designation as a foreign terrorist organization do not fit the IPOB. But who is to say that the writer is not arguing that the statutory provisions

7

*Press Int'l, Inc.*, 654 F.2d 478, 482 (7th Cir. 1981) ("The meaning of an allegedly libelous statement is to be determined by the plain and ordinary meaning of the word."); *Farah v. Esquire Mag.*, 736 F.3d 528, 535 (D.C. Cir. 2013) (granting motion to dismiss based on what a "reasonable reader" would have understood the article to mean).

Further, the question of whether Plaintiff meets the three-part definition of a foreign terrorist organization under 8 U.S.C. § 1189 is a non-justiciable political question that is reserved for the executive branch. Discretion is provided to the Secretary of State who must make a judgment call regarding whether a group meets the prescribed guidelines. That judgment call is an opinion, and clearly, opinions on this matter can differ. As such, dismissal is appropriate. *El-Shifa Pharm. Indus. Co. v. United States*, 607 F.3d 836, 840 (D.C. Cir. 2010) ("The political question doctrine is 'essentially a function of the separation of powers,' and excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." (internal citations omitted)). Just because Defendant Sheehan is advocating for an outcome Plaintiff disagrees with does not make the Article verifiably false.[3]

---

could be read differently, or that the statute should be amended to allow more flexibility to address groups like Plaintiff? Reading the Article as one which suggests that the Plaintiff meets all of the statutory requirements for designation as a foreign terrorist organization is unwarranted.

[3] Plaintiff claims that the caption of a graphic created by an employee of The Times to accompany the Article is demonstrably false. It is not, as Nigeria has designated Plaintiff as a terrorist organization. Regardless, the caption does nothing to change the gist and sting (and substantial truth) of the Article, particularly given that the caption appears directly below the sub-headline that states unequivocally that Plaintiff is not presently designated by the U.S. as a foreign terrorist organization. *Shipkovitz v. Washington Post Co.*, 408 F. App'x 376, 377 (D.C. Cir. 2010) ("A false statement contains more than '[m]inor inaccuracies.'") (citing *Masson v. New Yorker Mag., Inc.,* 501 U.S. 496, 517 (1991)).

## IV. THIS COURT IS NOT THE PROPER FORUM FOR PLAINTIFF TO ADVANCE ITS POLITICAL AGENDA THROUGH A DEFAMATION SUIT SEEKING TO OVERTURN NIGERIA'S DECLARATION THAT IT IS A TERRORIST ORGANIZATION.

Plaintiff spends the first 13 pages of its resistance argument making a "counterstatement," wherein the IPOB alleges a host of facts and allegations that are not tied to the Complaint and that the Court cannot consider or rely upon at this motion to dismiss stage. *McManus v. D.C.*, 530 F. Supp. 2d 46, 64 (D.D.C. 2007) ("Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion."); *see also Friends of Animals v. Ashe*, 51 F. Supp. 3d 77, 85 n.2 (D.D.C. 2014) (stating "a complaint may not be amended by the briefs in opposition to a motion to dismiss"). Plaintiff is bound by the many shortcomings of its Complaint.

Nevertheless, the new factual allegations in the Opposition reinforce how Plaintiff seeks to use this Court and this lawsuit as a vehicle to advocate for a re-determination of the purely political question involving its status in Nigeria as a recognized terrorist organization and how, resultingly, the United States should treat the IPOB. The counterstatement only highlights that there are a multitude of opinions about the Biafran separatist movement and which nations should designate Plaintiff as a terrorist organization—ideas that are better debated anywhere than a courtroom, including in op/ed pieces such as the Article.

Without plausible allegations to establish a defamation claim over commentary that as a matter of law is fair, protected, and not capable of a defamatory meaning, this lawsuit constitutes a lobbying crusade rather than presenting a *bona fide* legal case and controversy.

Further, because the Complaint puts front and center foreign policy and the fighting issue revolves around whether the IPOB merits continued Nigerian governmental designation as a "terrorist organization" or U.S. listing as a "foreign terrorist organization" (terms themselves that

9

are so ambiguous they cannot be defamatory as a matter of law), the IPOB asks this Court to consider matters as pleaded that would trigger the Act of State doctrine and refusal by this Court to proceed. *See Hourani*, 796 F. 3d at 11-17.

## CONCLUSION

For the foregoing reasons, as well as those in its opening brief, Defendant The Washington Times, LLC respectfully requests that this Court grant in full its Motion to Dismiss.

Dated:  January 18, 2022.  /s/      Mark H.M. Sosnowsky
Mark H.M. Sosnowsky (No. 979960)
**Faegre Drinker Biddle & Reath LLP**
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Tel: 202-354-1327
Fax: 202-230-5354
*mark.sosnowsky@faegredrinker.com*

*Counsel for Defendant The Washington Times, LLC*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on January 18, 2022, the foregoing Reply Brief in Further Support of Motion to Dismiss by Defendant The Washington Times, LLC, was served on all counsel of record through the CM/ECF system, which will send notification of the filing to all counsel of record.

                                                                   /s/     *Mark H.M. Sosnowsky*
                                                                         Mark H.M. Sosnowsky

US.136257300.12