UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INDIGENOUS PEOPLE OF BIAFRA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN SASCHA SHEEHAN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 21-2743 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next sixty days, absent extraordinary circumstances, the Court will grant in part and deny as moot in part The Washington Times's motion to dismiss, deny as moot Ivan Sascha Sheehan's motion to dismiss, and deny as moot the plaintiff's two motions for leave to file supplemental authorities.  Accordingly, it is hereby

**ORDERED** that the Defendant The Washington Times, LLC's Motion to Dismiss, ECF No. 14, is **GRANTED IN PART AND DENIED AS MOOT IN PART**.  The motion is **GRANTED** to the extent that it seeks the dismissal of the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  The motion is **DENIED AS MOOT** in all other respects.  It is further

**ORDERED** that the Motion by Defendant Ivan Sascha Sheehan to Dismiss Plaintiff's Complaint and Request for Hearing, ECF No. 13, is **DENIED AS MOOT**.  It is further

**ORDERED** that the Plaintiff's Motion to Submit Supplemental Authority, ECF No. 19, is **DENIED AS MOOT**.  It is further

**ORDERED** that the Plaintiff's Motion to Submit Supplemental Authority, ECF No. 20, is **DENIED AS MOOT**. It is further

**ORDERED** that this Order is not a final Order subject to appeal.[1]

**SO ORDERED** this 30th day of September, 2022.

REGGIE B. WALTON
United States District Judge

---

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291 (2018). See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a Memorandum Opinion that explains the Court's rationale in appropriate detail. With only non-substantive tasks (e.g., reviewing citations to ensure conformity with the Bluebook) remaining before the Memorandum Opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter. See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").